# CIRCUIT COURT OF THE CITY OF SUFFOLK

In re Austin S. Byrd

November 28, 2001

Case No. (Chancery) CH0100383

BY JUDGE D. ARTHUR KELSEY

On November 20, 2001, Jerry Lee Powell appeared before the Court on his petition to change the name of his son, Austin S. Byrd, to Austin Shane Powell. Born on May 24, 2000, the child resides with his mother, Stacy Byrd, who has sole legal and physical custody over him. The child carries the last name of his mother because paternity had not been definitively established at the time of his birth. The Court received testimony from both the petitioner and from Stacy Byrd. The petitioner, as the child's natural father, understandably wants his son to carry on his name. The mother, however, claims the father unreasonably denied paternity for the first six months of the child's life. She also asserts that the child's name, if changed, would create self-identity issues for the child growing up in her home.

Under Virginia law, a name change should not be ordered unless the Court finds "good cause" justifying the renaming and concludes it would be in the "best interests" of the child. Va. Code Ann. § 8.01-217 (Michie 2000). The petitioner must shoulder the burden of proof on those issues. *May v. Grandy*, 259 Va. 629, 632, 528 S.E.2d 105, 107 (2000); *Rowland v. Shurbutt*, 259 Va. 305, 308, 525 S.E.2d 917, 919 (2000).

In this case, the petitioner has failed to persuade the Court that a name change at this time would be in the child's best interests. The petitioner essentially argues that the societal tradition of children's retaining their father's last name — unsupported by a specific showing of why that custom would be in the child's best interests under the unique facts of this case — should be sufficient to carry his burden of proof. To be sure, that custom has both social value in our culture at large and evidentiary weight in our courts under Va. Code Ann. § 8.01-217. But it cannot, standing alone, warrant a name change.

In this case, the child bears his mother's last name, lives with his mother full-time, and has limited visitation with his father. Though the father has accepted his parental responsibilities (including paying child support), he did so only after paternity testing left the issue beyond contest. The father also proffers that he will in due course seek sole custody over his son. Yet the father presents no evidence suggesting that a change of custody would be either likely or imminent. Finally, with a commendable degree of sincerity, the father declares that he intends to be a loving, concerned, caring father for his son. But, of course, both the father and the mother have a moral duty to love their son no matter what name the child bears.

For these reasons, the Court denies at this time the father's petition to change the name of his son. The Court's decision, however, shall have no preclusive effect on later petitions filed under Va. Code Ann. § 8.01-217 asserting changed circumstances.

It is so adjudged, ordered, and decreed.