Present: All the Justices

JESSICA WYNN SPERO AND ELLA MADISON SPERO, AN INFANT WHO SUES
BY JESSICA WYNN SPERO, HER MOTHER AND NEXT FRIEND

v. Record No. 030495                          OPINION BY
                                      JUSTICE DONALD W. LEMONS
DAVID TODD HEATH                              March 5, 2004

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

In this appeal, we consider whether a trial court erred in determining that a name change was in the best interest of a child, when the child bore the mother's surname and the natural father petitioned the court to change the child's surname to the father's.

Ella Madison Spero ("Ella"), born October 30, 2001, is the daughter of David Todd Heath ("Heath") and Jessica Wynn Spero ("Spero"). Heath and Spero were never married and ended their relationship in 2001, before Ella's birth. Also before Ella's birth, Spero told Heath that he was not Ella's father. Consequently, Ella received the surname "Spero." A paternity test, completed in January 2002, confirmed that Ella was Heath's child.

Heath filed a petition to change Ella's surname. At the hearing on the petition, Heath and Spero contradicted one another concerning the amount, type, and quality of support provided by Heath for Ella's care. Spero alleged that Heath was a drug dealer and was planning to move to Amsterdam, which

Heath denied. Heath produced evidence that Spero had been convicted of "driving under the influence of alcohol within one year" of Ella's birth. Finally, both Heath's and Spero's mothers testified about the effect, as they experienced it, of having a different surname than their children.

At the conclusion of the evidence, the trial court found "that it is in the best interest of the child that she have the last name of the petitioner, David Todd Heath." Spero filed a motion to reconsider. The trial court heard argument on the motion but reaffirmed the prior judgment changing Ella's surname to "Heath." The trial court suspended "the effect" of the order until resolution of the expected appeal to this Court. Spero appeals the adverse judgment of the trial court.

We will consider the evidence in the light most favorable to the respondent, Heath, the prevailing party below. In Virginia, Code § 8.01-217 delineates the method for changing the name of a minor. It requires that the person seeking the name change "apply . . . to the circuit court of the county or city in which the person whose name is to be changed resides." It further requires reasonable notice to the parent who does not seek the name change and a hearing to determine whether the name change is in the best interest of the minor. Code § 8.01-217.

The parent petitioning to change the surname of the minor bears the burden of proving that the change is in the minor's best interest.  See May v. Grandy, 259 Va. 629, 632, 528 S.E.2d 105, 106 (2000); Rowland v. Shurbutt, 259 Va. 305, 308, 525 S.E.2d 917, 919 (2000); Beyah v. Shelton, 231 Va. 432, 434, 344 S.E.2d 909, 911 (1986); Flowers v. Cain, 218 Va. 234, 237, 237 S.E.2d 111, 113 (1977).  The petitioning parent may prove that the name change is in the best interest of the minor by showing that:

1)   The parent sharing his or her surname with the minor has "abandoned the natural ties ordinarily existing between parent and child,"

2)   The parent sharing his or her surname with the minor "has engaged in misconduct sufficient to embarrass the [minor] in the continued use" of the parent's name,

3)   The minor "otherwise will suffer substantial detriment" by bearing the surname he or she currently bears, or

4)   The minor "is of sufficient age and discretion to make an intelligent choice and . . . desires that [his or her] name be changed."

See, e.g., Flowers, 218 Va. at 236-37, 237 S.E.2d at 113.  A "change of name will not be authorized . . . merely to save

3

. . . minor inconvenience or embarrassment" to the parent or the minor.  Id. at 237, 237 S.E.2d at 113.

Although our previous cases often use gender specific terms in enunciating the test for determining whether a name change is in the best interest of a child, that language should not be read to mean that there is a presumption that a child should have the father's surname or that the mother always bears the burden of proof for or against a petition for name change.  Nothing in the language of the statute suggests such a presumption.  Under the statute, a petition for changing a child's name must be considered on the particular facts of the case before the court.  The burden is upon the petitioning party to "prove by satisfactory evidence that the change is in the child's best interest."  Rowland, 259 Va. at 308, 525 S.E.2d at 919; May, 259 Va. at 632, 528 S.E.2d at 106.

In this case, Heath, the parent petitioning to change Ella's surname, did not offer evidence tending to show any of the criteria required by Flowers.  Spero's DUI conviction within a year of Ella's birth does not rise to the level of misconduct sufficient to embarrass the child in the continued use of the parent's surname.  The record does not reflect that Ella will suffer any form of detriment by continuing to use the surname "Spero."  The record does not reflect that Spero

4

has failed to care for Ella, nor that she has engaged in misconduct sufficient to embarrass Ella in the continued use of the surname "Spero."  The testimony of Ella's grandmothers fails to rise beyond a catalogue of minor inconveniences and embarrassment.  Based on the record before us, Heath has not satisfied his burden of proof as the petitioning parent because he has not offered sufficient evidence to show that a name change is in Ella's best interest.

We hold that the trial court abused its discretion by ordering the change in Ella's surname.  Accordingly, we will reverse the judgment of the trial court.  The trial court's order of December 12, 2002 will be vacated and the petition for name change will be dismissed.

Reversed, vacated, and dismissed.