PRESENT: All the Justices

STACY McMAHON

v.  Record No. 131910

MELANIE WHITE WIRICK

OPINION BY
JUSTICE CLEO E. POWELL
SEPTEMBER 12, 2014

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Stacy McMahon ("McMahon") appeals the judgment of the trial court denying his petition to change the surname of his daughter.  Finding that McMahon failed to present any evidence that such a change was in the best interest of the child, we will affirm the judgment of the trial court.

## I.  BACKGROUND

McMahon and Melanie White Wirick ("Wirick"), formerly Melanie White, are the natural parents of a minor child, Addison Grace White ("Addison").  McMahon and Wirick were never married and Addison's surname, White, is Wirick's maiden name.  At some point after Addison's birth, Wirick married and took her husband's surname.

McMahon and Wirick initially shared joint physical and legal custody of Addison.  This situation became untenable when Addison reached school age, as McMahon resides in Fairfax County and Wirick resides in the City of Richmond.  The parties agreed that it was in Addison's best interest to attend Fairfax County schools.  Accordingly, the parties agreed that McMahon would

have primary physical custody during the school year and Wirick would have primary physical custody during the summer.

On April 5, 2013, McMahon filed a petition pursuant to Code § 8.01-217 seeking to change Addison's surname from "White" to "McMahon."  Wirick objected to the petition.

At trial, McMahon proffered evidence of a number of difficulties caused by not sharing a surname with Addison. Specifically, he alleged that he received medical bills with the name "Addison Wirick" on them, that he had difficulty contacting Addison's pre-school because she was enrolled as "Addison Wirick," that he is constantly called "Mr. White" at school, and that a photograph for a school genealogy project identified McMahon, his wife, his son (Addison's half-brother) and Addison as "the White Family."  McMahon also claimed that Addison was "asking questions of her father."[1]

After considering the arguments of the parties, the trial court denied McMahon's petition.  It found that "[t]he evidence that has been proffered by Mr. McMahon's counsel does constitute . . . the legal criteria of minor inconvenience and minor embarrassment."  The trial court explained that McMahon failed to meet any of the criteria laid out by this Court in Spero v. Heath, 267 Va. 477, 593 S.E.2d 239 (2004).  It further

---

[1] Although the exact nature of these questions was never addressed, presumably they related to Addison asking why her surname was different from both her mother and father.

2

noted that, even if it did not consider Spero, the evidence was not sufficient to demonstrate that a name change was in Addison's best interest.

McMahon appeals.

## II. ANALYSIS

On appeal, McMahon first argues that the trial court erred in relying on Spero in determining whether to grant McMahon's petition. McMahon contends that Spero is inapplicable because Addison does not share a surname with either parent. While it is true that the present case is factually distinguishable from all of our previous cases on this subject, we hold that the logic of Spero still applies.

Under Code § 8.01-217, the parent seeking to change a child's surname over the objection of the other parent bears the burden of proving that the name change is in the child's best interest. See Spero, 267 Va. at 479, 593 S.E.2d at 240; May v. Grandy, 259 Va. 629, 633, 528 S.E.2d 105, 107 (2000); Rowland v. Shurbutt, 259 Va. 305, 308, 525 S.E.2d 917, 919 (2000); Beyah v. Shelton, 231 Va. 432, 434, 344 S.E.2d 909, 911 (1986); Flowers v. Cain, 218 Va. 234, 237, 237 S.E.2d 111, 113 (1977). In Flowers, this Court explained that, to prove that the name change is in the child's best interest, the petitioning parent must demonstrate that "substantial reasons exist for the change." 218 Va. at 236, 237 S.E.2d at 113. The Court then

articulated four substantial reasons, which this Court restated in Spero:

> 1) The parent sharing his or her surname with the minor has "abandoned the natural ties ordinarily existing between parent and child,"
>
> 2) The parent sharing his or her surname with the minor "has engaged in misconduct sufficient to embarrass the [minor] in the continued use" of the parent's name,
>
> 3) The minor "otherwise will suffer substantial detriment" by bearing the surname he or she currently bears, or
>
> 4) The minor "is of sufficient age and discretion to make an intelligent choice and . . . desires that [his or her] name be changed."

267 Va. at 479-80, 593 S.E.2d at 240 (quoting Flowers, 218 Va. at 236-37, 237 S.E.2d at 113).

It is readily apparent that our language in Flowers and Spero is not a "test" as McMahon characterizes it. The "test" is whether the name change is in the child's best interest. See Flowers, 218 Va. at 235-36, 237 S.E.2d at 112-13. Flowers and Spero merely provide a non-exclusive list of "substantial reasons" that have been recognized by this Court and others as prima facie evidence that the name change is in the child's best interest.

We recognize that, unlike the present case, all of our previous cases on this issue have involved at least one parent who shared a surname with the child. Nevertheless, the

4

controlling standard remains the same – that the petitioning party must "prove by satisfactory evidence that the change is in the child's best interest." Id. at 480, 593 S.E.2d at 240 (quoting Rowland, 259 Va. at 308, 525 S.E.2d at 919; May, 259 Va. at 632, 528 S.E.2d at 106). Accordingly, we hold that the trial court did not err to the extent that it relied on our holding in Spero to determine whether the name change was in Addison's best interest.

McMahon further argues that, notwithstanding its reliance on Spero, the trial court abused its discretion in denying his petition because it is fundamentally in Addison's best interest to share a surname with one of her parents. Stated differently, McMahon argues that ensuring that a child shares a surname with at least one parent is a substantial reason for changing the child's name. Again, we must disagree.

If one parent objects to the proposed name change of a child, the trial court is required to consider whether the name change is in the best interest of the child. See Flowers, 218 Va. at 235-36, 237 S.E.2d at 112-13. We have recognized that trial courts are "vested with wide discretion" in determining a child's best interest. Dyer v. Howell, 212 Va. 453, 458, 184 S.E.2d 789, 793 (1971). Accordingly, we will only reverse a trial court's decision to grant or deny a name change upon a showing that the trial court abused its discretion. See May,

5

259 Va. at 632-33, 528 S.E.2d at 106-07 (holding that the trial court did not abuse its discretion in granting the name change over the objection of a parent); Rowland, 259 Va. at 309, 525 S.E.2d at 919 (holding that the trial court abused its discretion in granting the name change over the objection of a parent).

This Court has never held that it is fundamentally in a child's best interest to share a surname with a parent. Although we have recognized that "a child's use of [a parent]'s surname is relevant to a determination of the child's best interest," Beyah, 231 Va. at 436, 344 S.E.2d at 911, we have stopped short of saying that sharing a surname was dispositive of the child's best interest. Further, our recognition of the relevance of a child sharing a surname with a parent in Flowers was based on our reluctance to change a child's surname over the objection of the parent who shared that surname "for fear that the change would damage further the already strained [parent]-child relationship." Flowers, 218 Va. at 236, 237 S.E.2d at 113. Where, as here, neither party shares a surname with the child, any potential damage would be negligible. Thus, the relevance of sharing a surname is necessarily diminished and is not dispositive of the present case.

McMahon next argues that the trial court abused its discretion because he presented sufficient evidence that the

6

name change was in Addison's best interest.  McMahon contends that he presented evidence that his having a different surname from Addison resulted in confusion with regard to communications with her preschool and with her health insurance carrier.[2]  He also relies on the embarrassing situations caused by having different surnames, such as the incorrectly labeled picture and being referred to as "Mr. White" at Addison's school.

It is important to note that the evidence presented by McMahon involved the inconveniences and embarrassment that <u>he</u> felt as a result of having a different surname.  McMahon failed to produce any evidence that Addison suffered any such inconveniences or embarrassment, much less that she suffered "substantial detriment."  The closest that he came to proffering any evidence related to the effect having a different surname has had on Addison was a statement that Addison was "asking questions of her father."  Indeed, McMahon admitted that he had no evidence that Addison would "suffer substantial detriment by bearing the surname . . . she currently bears."

This Court has repeatedly admonished that "[a] 'change of name will not be authorized . . . merely to save . . . minor inconvenience or embarrassment' to the parent or the minor."

---

[2] We note that Addison is now covered under McMahon's insurance and, as the trial court pointed out, any confusion related to the prior health insurance "is not likely to recur."

7

Spero, 267 Va. at 480, 593 S.E.2d at 240. (quoting Flowers, 218 Va. at 237, 237 S.E.2d at 113). Here, the evidence is clear that McMahon experienced no more than minor inconveniences or embarrassment and it is inconclusive that Addison experienced any complications as a result of not sharing a surname. Indeed, we note that the confusion related to Addison's school occurred because Addison was enrolled under the wrong name, not because she did not share McMahon's surname. Wirick enrolled Addison in preschool under the name "Addison Wirick." The problems with the health insurance occurred for the same reason: Addison's name was incorrect on Wirick's husband's insurance. Both of these problems have presumably been resolved, as McMahon is unlikely to have enrolled Addison in school as "Addison Wirick" and she is now under McMahon's insurance, not Wirick's husband's insurance. As for the misidentification in the school photograph, McMahon failed to offer any evidence as to how this amounted to anything more than a minor embarrassment. Accordingly, we cannot say that the trial court abused its discretion in denying the petition.

### III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the trial court denying McMahon's petition to change the surname of his daughter.

Affirmed.

8

JUSTICE McCLANAHAN, concurring.

Although I agree that the trial court did not abuse its discretion in denying the petition for a name change under the best interest analysis, I would hold that the four-factor analysis set forth in Spero v. Heath, 267 Va. 477, 479-80, 593 S.E.2d 239, 240 (2004), is not applicable to this case and that the trial court erred in applying it.

The controlling standard for determining whether a petition to change the name of a minor should be granted is explicitly set forth in Code § 8.01-217. Pursuant to subsection A, when both parents of the minor are living and the parent who does not join in the petition objects, "a hearing shall be held to determine whether the change of name is in the best interest of the minor." We have previously interpreted the statute to mean that "the burden is upon the petitioning parent, under the circumstances of [the] case, to prove by satisfactory evidence that the change is in the child's best interest." Rowland v. Shurbutt, 259 Va. 305, 308, 525 S.E.2d 917, 919 (2000).

Under the specific circumstances where the parent objecting to the name change shares the child's surname, we have stated that the parent petitioning for the child's name to be changed "may prove that the name change is in the best interest of the minor by showing" sufficient evidence of one of the following

four factors enumerated in Flowers v. Cain, 218 Va. 234, 237

S.E.2d 111 (1977):

> 1) The parent sharing his or her surname with the
> minor has "abandoned the natural ties ordinarily
> existing between parent and child,"
>
> 2) The parent sharing his or her surname with the
> minor "has engaged in misconduct sufficient to
> embarrass the [minor] in the continued use" of
> the parent's name,
>
> 3) The minor "otherwise will suffer substantial
> detriment" by bearing the surname he or she
> currently bears, or
>
> 4) The minor "is of sufficient age and discretion
> to make an intelligent choice and . . . desires
> that [his or her] name be changed."

Spero, 267 Va. at 479-80, 593 S.E.2d at 240-41 (emphasis added)

(quoting Flowers, 218 Va. at 236-37, 237 S.E.2d at 113, and

concluding that petitioner failed "to show any of the criteria

required by Flowers").  This test is clearly intended to apply

when the objecting parent and the child have a common surname.

Under such circumstances, the Court has required the petitioning

parent to prove that the parent sharing the surname with the

child abandoned the child or engaged in conduct that will cause

the child to suffer embarrassment or other harm by bearing the

parent's surname.[1]  In my view, the analysis outlined in <u>Spero</u>

cannot logically be applied when the child does not share the

objecting parent's surname.[2]

Addison does not bear Wirick's surname and, therefore,

McMahon did not seek to prove that Addison should no longer bear

Wirick's name.[3]  In fact, McMahon candidly represented to the

trial court that he was not contending the presence of any one

of the <u>Spero</u> factors.  Concluding that the factors in <u>Spero</u> were

controlling, however, the trial court considered each factor,

noting that while the fourth factor was not present due to

Addison's age, McMahon failed to satisfy any of the other three

factors, and ultimately declared that "the petition will be

denied on that basis."  Since, in my view, the <u>Spero</u> analysis

was inapplicable, I believe the trial court erred in ruling that

---

[1] Under the fourth factor, the petitioning parent may also prove that the name change is in the best interest of the child when a child of sufficient age and discretion desires the name change.

[2] Although the majority opinion states that "[i]t is readily apparent" that the above-quoted language is not a "test," we have expressly referred to the four-factor analysis as "<u>the test</u> for determining whether a name change is in the best interest of a child."  <u>Spero</u>, 267 Va. at 480, 593 S.E.2d at 240 (emphasis added).  As I stated previously, however, this test, by its plain language, applies to circumstances in which the child shares a surname with the objecting parent.

[3] Instead, McMahon argued that it was in Addison's best interest to share a surname with a parent.

11

McMahon's failure to prove the existence of any of the factors precluded relief on his petition.

Nevertheless, the trial court then provided an alternative basis for its ruling: "even if I did not conclude that the failure to meet any of [the Spero] criteria was a bar to relief," the name change was not in the best interest of Addison under a "best interest analysis."[4]  Code § 8.01-217.  Applying this standard, I agree with the majority opinion that McMahon failed to prove that the name change was in Addison's best interest.[5]  Thus, I concur in the Court's judgment that the trial court did not err in denying the petition.

---

[4] It is evident the trial court was unsure as to whether the factors in Spero should apply, which led to the alternative basis for its decision.  Although the majority holds that the trial court properly relied upon the Spero factors, it does not discuss the applicability of those factors to this case or address the trial court's initial ruling that relief was precluded on the basis that none of the Spero criteria was met.  In my view, the majority's ruling that the trial court properly applied the Spero factors will simply foster continued confusion as to the applicability of the Spero analysis when the petitioning parent does not seek to change the child's surname from one that is shared with the other parent.

[5] Addison continues to share a name with Wirick since Wirick legally changed her middle name to White.  Addison also shares her surname with her half-brother, Tyler White.  Additionally, Wirick testified that Addison self-identifies as Addy White.